the persons named in the codicil all stood in the same relation to the testatrix, as in Scott's Est., 163 Pa. 165, adding, however, that since "the legatees stand in different degrees, being nieces and nephews and a brother, the per capita rule does not apply, and the distribution must be made per stirpes—that is, Howard L. Hoff is entitled to one-third of two-fifths, and the children of Charles L. Hoff to one-third, and the children of Harry C. Hoff one-third." We agree with the court below that the rule laid down in Minter's App., 40 Pa. 111, applies here, and calls for a division per stirpes: see also, Ashburner's Est., 159 Pa. 545.

The assignments of error are all overruled and the decree is affirmed.

---

## Rafferty v. Martin, Appellant.

*Contracts—Suretyship—Leases — Breach by tenant — Affidavit of defense—Insufficient averments.*

In an action against the sureties on a lease plaintiff averred that the tenant had failed to pay the rent and had left the premises; that thereafter in pursuance of an agreement between plaintiff and defendant plaintiff had re-leased the building for part of the term so as to reduce the loss of rent and applied the amount so received as credits upon the rent; and further alleged a failure to restore the premises at the end of the term to the condition in which they were when received, the tenant having extensively altered same. The affidavit of defense denied that plaintiff had made every effort to obtain a tenant, averred that no demand was made upon the defendant to restore the building to its original condition and that plaintiff did not himself restore it to such condition, but did not deny that the amount alleged by plaintiff to be necessary to put it in such condition was reasonable; and further averred that the obligation of suretyship was released by reason of the fact that plaintiffs demanded and received additional rent in the form of increased insurance premiums without the knowledge of the defendant, and further that the municipality had changed the grade of the street upon which the property stood, thus causing the loss of rent; that plaintiff had done great dam-

age to the building in raising it to conform to the new grade so that it became untenable, and had permitted extensive alterations to the building without defendant's knowledge. The lease contained no covenants as to the payment of insurance premiums, and it did not appear that the change in grade of the street was in any way attributable to plaintiff. The lower court entered judgment for plaintiff for want of a sufficient affidavit of defense. *Held,* no error.

Argued Feb. 29, 1916. Appeal, No. 28, Oct. T., 1915, by George Ritter, from judgment of C. P. Allegheny Co., July T., 1912, No. 2197, for plaintiff for want of a sufficient affidavit of defense in case of Gilbert T. Rafferty v. John I. Martin and George Ritter. Before BROWN, C. J., MESTREZAT, STEWART, MOSCHZISKER, FRAZER and WALLING, JJ. Affirmed.

Assumpsit against the sureties on a lease.

Rule for judgment for want of a sufficient affidavit of defense.

The following opinion of SHAFER, J., states the case:

This rule was made absolute in the absence of defendants' counsel some time ago. A reargument was since had by agreement of the parties without a formal order for that purpose. The action is upon an agreement made in writing by the defendants with the plaintiff, by which they became surety as bail absolute for the performance of all the covenants contained in a lease made by the plaintiff to John C. Martin and George H. Ritter for a building in the City of Pittsburgh, belonging to the plaintiff. The breaches of covenants alleged are nonpayment of rent in a certain amount; that the lessees had left the premises and that plaintiff thereupon by agreement in writing with the defendants, had re-leased the property so as to reduce the loss of rent, and had received certain amounts set out in the affidavit, which he credits upon the rent; a failure to restore the premises at the end of the term to the condition in which they were when received, the tenants having altered the

same for the purpose of a nickelodeon, and not having restored the building to its former condition, and alleging the fair and reasonable price of restoring the same to be $2,200.00. The affidavit of defense on the part of George Ritter, one of the defendants, says that he is not informed that plaintiff made every effort to obtain a tenant for the premises, and that the account given by the plaintiff of the rents received by him is not true and correct, and therefore denies the same, and demands proof of it. He admits that the alterations were made to the premises by the tenant, but avers that no demand was made on them to restore the building to its original condition, and that the plaintiff has not himself restored it to its original condition and still keeps it as they left it. He further avers that he is released as surety for the reason that after the signing of the obligation of suretyship "the terms of said lease were materially changed, in that Gilbert T. Rafferty demanded and obtained from the lessees in the said lease additional rent over that covenanted for in the lease in the shape of increased insurance premiums," without the knowledge of defendant, and further that during the term of the lease the City of Pittsburgh raised the grade of the street upon which the property stood and that caused the loss of rent; and that Rafferty raised the building to conform with the new grade of the street, and in the course of that work great damage was done to the building and it became untenantable; and that Rafferty caused or permitted extensive alterations in the building without defendants' knowledge, which depreciated the rental value of the building, and that he permitted various tenants to occupy the building without payment of rent and without using proper efforts to compel them to pay rent.

As to the cost of restoring the building to its former condition, we do not understand how the plaintiff was bound to restore it himself, before he should be paid for doing so by the defendants they having agreed to do so at the end of the term, and as there is no denial of the

allegations that $2,200.00 was the reasonable and proper price for doing it the plaintiff is entitled to judgment for that item.

As to the allegation that the terms of the lease had been altered by the plaintiff demanding from the lessees increased insurance premiums, it does not appear in the lease which is made a part of the affidavit of claim that any agreement as to insurance premiums was made a part of it. The fact that the lessees may have paid insurance premiums or part thereof cannot affect the lease itself or the terms of it, and therefore constitutes no defense of the action.

The action of the city in changing the grade of the street is not attributable to the plaintiff, and if the lessees were damaged thereby they had a remedy against the city. The allegation that the plaintiff raised the building to conform with the grade, if thereby it is meant that he raised it while it was in the actual occupation of the tenants, would not be any defense, unless it appeared that he had done so against the will of the tenants, which is not alleged; and if it is meant that he raised it after the tenants ceased to occupy it and before the end of the term, after he had entered upon it and was endeavoring to re-rent it, there does not appear to be any obligation on his part to let it stand below the level of the street, it having been made nonaccessible and untenantable, according to the affidavit of defense, by the raising of the grade of Federal street. Besides this the statement that the raising of the building did "untold" damage is entirely too indefinite, and the affidavit in no way shows that the raising of the building made it any worse than it was when it was already inaccessible by reason of the change of grade. The other allegations of the affidavit of the defense all rest upon the theory of the defendant that the plaintiff was bound to rent the property to the best advantage for the benefit of the defendants, and was liable for any loss of rent occasioned by nonpayment of rent by the tenants or

1916.]　Opinion of Court below—Opinion of the Court.

otherwise.　In addition to this the alterations in the building are not specified, nor are the persons whose rent was not collected named or in any way specified.　We are of the opinion that the affidavit of defense is insufficient to prevent judgment, and that the rule was properly made absolute.

The court made absolute plaintiff's rule for judgment for want of a sufficient affidavit of defense.　George Ritter appealed.

*Error assigned* was the judgment of the court.

*R. P. Tannehill,* with him *Oliver K. Eaton,* for appellant.

*W. W. Stoner,* for appellee.

PER CURIAM, March 20, 1916:

This judgment is affirmed on the opinion of the learned court below holding that defendants' affidavit of defense was insufficient.

---

# Philadelphia Company *v.* City of Pittsburgh, Appellant.

*Contracts—Illegality—Municipalities—City of second class—Gas companies—Absence of advertisement or competitive bidding—Acts of March 7, 1901, P. L. 20, and June 20, 1901, P. L. 586—Judgment for defendant n. o. v.*

1. The provision of the Charter Act of March 7, 1901, P. L. 20, as amended by the Act of June 20, 1901, P. L. 586, relating to cities of the second class, that "all contracts relating to city affairs shall be let to the lowest responsible bidder after reasonable notice," is not merely directory but mandatory and unless strictly complied with no liability is imposed upon the municipality.

2. A contract entered into between a city of the second class and a gas company for the supply of gas for a municipal hospital is illegal and void when awarded without previous advertisement and